1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

RICHARD LEE CARMICHAEL,

                    *Petitioner*,

vs.

JO GENTRY, *et al.*,

                    *Respondents.*

Case No. 2:16-cv-01142-RFB-GWF

**ORDER**

        This habeas action by a state inmate in custody in Nevada comes before the Court for initial review as well as on petitioner's motion (ECF No. 3) for appointment of counsel, motion (ECF No. 4) for leave to submit a memorandum in support of petition, and motion (ECF No. 6) to expedite response.  The filing fee has been paid.

### *Background*

        Petitioner Richard Lee Carmichael challenges a prison disciplinary conviction that he alleges resulted in, *inter alia*, a loss of six months of statutory good time sentence credit, prolonging the duration of his confinement.

        While the record does not contain copies of all potentially relevant documents, petitioner's papers and the available online docket records of the state appellate courts reflect the following procedural history.[1]

---

[1]The recital herein accordingly is preliminary and is subject to revision in subsequent orders once counsel have filed the underlying administrative and state court record exhibits.  No statement of fact herein constitutes a finding of fact by the Court.  Assertions herein are assumed to be true only for this review.

1      Petitioner was found guilty at a prison disciplinary hearing on September 22, 2013, of

2  unauthorized use of equipment or mail and possession or sale of intoxicants.  On December

3  11, 2013, he received a partial denial of his first level administrative appeal.  On April 7, 2014,

4  he received a denial of his second level administrative appeal.[2]

5      After 37 days had passed, on May 14, 2014, petitioner filed a state habeas petition in

6  state district court.  District court and thereafter appellate proceedings on the petition were

7  pending continuously through to the June 16, 2015, issuance of the remittitur by the Supreme

8  Court of Nevada, in No. 67223 in that court.[3]

9      At some point during the period from May 16, 2016, through May 19, 2016, petitioner

10  delivered the federal petition in this matter to the prison internal legal mailing system for

11  mailing to the Clerk of this Court.  Petitioner did not state the date of mailing in response to

12  the inquiry on the first page of the petition form.  The petition is dated May 16, 2016, on the

13  signature page.  The mailing envelope is postmarked Thursday, May 19, 2016.[4]

14      The federal petition accordingly was constructively filed from 334 to 337 days after the

15  issuance of the remittitur, including the intermediate February 29, 2016.

16      The federal petition did not contain extensive specific factual allegations in support of

17  the fifteen grounds presented.  Petitioner indicated that further grounds or amended grounds

18  would be forthcoming in an amended pleading and/or supporting memorandum.[5]  He further

19  asserted:

20            Petitioner is nearing the deadline under AEDPA.  His delay
has been with cause, as he has significant medical issues and

21            had put the litigation in the care of a law clerk – it turned out no
work was ever done on it. . . . .

22

23  ECF No. 1-1, at 8.

24      [2]See ECF No. 3, at (electronic docketing pages) 48 & 63.

25

26      [3]See ECF No. 3, at 14-16.

27      [4]See ECF No. 1-1, at 1, 12 & 13.  Respondents ultimately may need to file a redacted copy of the
relevant page from the prison legal mail log to establish the specific constructive filing date of the petition.

28      [5]ECF No. 1-1, at 3-6 & 8.

On or about June 4, 2016, petitioner mailed for filing a motion for appointment of counsel.   Petitioner detailed therein multiple health conditions – including advanced degenerative disc disease, carpal tunnel syndrome, arthritis, and advanced chronic prostate disease – which he maintains make it difficult to prepare and file papers without aggravating the conditions and causing significant pain.  He attached a 38-page handwritten supporting brief filed in the state district court alleging eleven grounds for relief in detail.

On or about September 13, 2016, petitioner filed a motion for leave to submit a memorandum in support of the petition "to be added to his petition for [a] writ of habeas corpus."[6]  The 51-page handwritten supporting memorandum set forth factual allegations and argument in support of eighteen grounds.

## Discussion

When a habeas petitioner challenges a state administrative action affecting the duration of his custody, the federal one-year limitation period begins to run under 28 U.S.C. § 2244(d)(1)(D) from notice of the state agency's denial of his final administrative appeal.  See Mardesich v. Cate, 668 F.3d 1164, 1171-72 (9th Cir. 2012).  The running of the limitation period thereafter may be tolled by, inter alia, the pendency of a timely and otherwise properly filed state petition for post-conviction or other collateral review.  668 F.3d at 1173.

In the present case, absent other tolling or delayed accrual, 37 untolled days elapsed between notice of the denial of petitioner's final administrative appeal; and another 334 to 337 untolled days elapsed between the conclusion of his state judicial challenge and the constructive filing of the federal petition.  The federal petition on its face therefore was filed 6 to 9 days late, absent other tolling or delayed accrual.

From the papers presented, it appears that petitioner potentially will rely at least in part on medical issues as a basis for overcoming a possible dismissal of the petition as untimely. In past cases before the Court, inmates have not always been able to effectively review and present their prison medical records in prison litigation due to departmental restrictions on

---

[6]ECF No. 4, at 2.

access, possession, and transmittal of those records by inmates. Such restrictions thus potentially would hinder petitioner's ability while proceeding *pro se* to substantiate equitable tolling arguments based upon medical issues.

The relatively short additional incarceration time involved – loss of six months of sentence credit – countervails against appointment of counsel given the limited public defender resources available. Petitioner further has demonstrated the capability to present his case despite his medical issues, subject to the potential impact of those issues upon his ability to do so expeditiously and also subject to the alleged impact of such work upon his conditions. However, in the final analysis, it appears that appointment of counsel would be in the interests of justice so that, *inter alia*, petitioner will be able to effectively rely upon and present his prison medical records in support of his potential equitable tolling arguments.

The motion for appointment of counsel therefore will be granted, contingent upon petitioner confirming his financial eligibility for appointment of counsel by filing a pauper application with all required attachments.

Turning to the motion for leave to submit a supporting memorandum, the motion and proposed memorandum are technically deficient. The rules applicable to a federal habeas proceeding do not provide for the filing of a memorandum supporting the petition. Rather, the petitioner must present all of his grounds and his specific factual allegations supporting those grounds within the petition. The petitioner thereafter may file a reply to any answer filed on the merits by the respondents. There is no provision, however, for a memorandum supporting the petition. The proposed supporting memorandum, in turn, is technically deficient when viewed instead as an amended petition. The memorandum is not on the required petition form; and it includes extensive legal argument, tables of contents and authorities, and other content that is not appropriate to a pleading.

Notwithstanding these technical deficiencies, the Court will liberally construe the *pro se* motion and proposed memorandum as a motion for leave to amend the petition to assert the claims and allegations set forth in the memorandum. With the appointment of counsel, petitioner will be filing a counseled amended petition correcting the technical deficiencies in

the current filing.  The Court expresses no opinion at this juncture as to timeliness of the memorandum *qua* amended pleading and/or as to any relation back issues.

The motion to expedite response will be granted to the extent consistent with the remaining provisions of this order.  The Court notes that it has a heavy habeas docket and generally can reach and consider submissions only after previously-filed submissions in other longer-pending habeas matters first have been addressed.

**IT THEREFORE IS ORDERED** that the Clerk of Court shall file the petition.[7]

**IT FURTHER IS ORDERED** that petitioner's motion (ECF No. 3) for appointment of counsel is GRANTED, contingent upon petitioner confirming his financial eligibility for appointment of counsel by filing, within **forty-five (45) days** of entry of this order, a pauper application on the required form with all required financial attachments.[8]

**IT FURTHER IS ORDERED** that the counsel appointed will represent petitioner in all federal proceedings related to this matter, including any appeals or *certiorari* proceedings, unless allowed to withdraw.

**IT FURTHER IS ORDERED** that the Federal Public Defender shall be provisionally appointed as counsel and shall have **forty-five (45) days** to undertake direct representation of petitioner or to indicate to the Court the office's inability to represent petitioner in these proceedings.  If the Federal Public Defender is unable to represent petitioner, the Court then shall appoint alternate counsel.  A deadline for the filing of an amended petition and/or seeking other relief will be set after counsel has entered an appearance.  The Court anticipates setting the deadline for approximately **ninety (90) days** from entry of the formal

---

[7]The filing of the petition does not signify that the petition is free of deficiencies.  The Court merely is filing the original petition in anticipation of the filing of a counseled amended petition.

[8]It does not matter to the Court whether petitioner files the application directly in proper person or instead through counsel.  Inmates sometimes are able to marshal the required prison financial paperwork more efficiently than can counsel.  In this regard, petitioner needs to: (a) file a pauper application on the Court's required form for an inmate pauper application; (b) attach a financial certificate executed by an appropriate officer; and (c) attach a statement of his inmate account for the past six months.  *See* 28 U.S.C. § 1915(a)(2); Local Rules LSR 1-1 & LSR 1-2.  If counsel is going to assist petitioner in this regard, counsel may wish to obtain a copy of the required form and the instructions for the form from the Clerk.

order of appointment.  Any deadline established and/or any extension thereof will not signify any implied finding of a basis for tolling during the time period established.

**IT FURTHER IS ORDERED**, so that the respondents may be electronically served with any papers filed through counsel, that the Clerk shall add state attorney general Adam P. Laxalt as counsel for respondents and shall make informal electronic service of this order upon respondents by directing a notice of electronic filing to him.  Respondents' counsel shall enter a notice of appearance within **twenty-one (21) days** of entry of this order, but no further response shall be required from respondents until further order of the Court.

**IT FURTHER IS ORDERED** that petitioner's motion (ECF No. 4) for leave to submit a memorandum in support of the petition is construed as a motion for leave to file an amended petition and, as such, is GRANTED, subject to the qualifications stated in this order.

**IT FURTHER IS ORDERED** that petitioner's (ECF No. 6) to expedite response is GRANTED IN PART consistent with the remaining provisions in this order.

The Clerk accordingly shall SEND a copy of this order to the *pro se* petitioner, the Nevada Attorney General, the Federal Public Defender, and the CJA Coordinator for this division.  The Clerk further shall provide copies of all prior filings herein to the Federal Public Defender and Attorney General in a manner consistent with the Clerk's current practice, such as regeneration of notices of electronic filing.

The Clerk additionally shall SEND to the *pro se* petitioner along with this order two copies of a pauper application for an inmate along with one copy of the instructions for the form.

DATED: February 7, 2017


_____
RICHARD F. BOULWARE, II
United States District Judge