UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

RICHARD LEE CARMICHAEL,

  *Petitioner*,

vs.

JO GENTRY, *et al.*,

  *Respondents*.

Case No. 2:16-cv-01142-RFB-GWF

**ORDER**

  This represented habeas matter under 28 U.S.C. § 2254 comes before the Court on petitioner's motion (ECF No. 14) for reconsideration as to the scheduling order (ECF No. 13) entered herein.

  The scheduling order directed petitioner to file a counseled amended petition and respondents to file a response thereto. Petitioner requests that the Court instead direct respondents to state their position as to whether the action may proceed forward as a habeas action rather than a civil rights action under 42 U.S.C. § 1983. Petitioner additionally requests that if the Court ultimately were to hold that his claims sound in civil rights rather than habeas that the action be converted into and recharacterized as a § 1983 action.

  The Court finds it more appropriate to litigate such issues within the framework of the existing scheduling order. The Court understands and appreciates that counsel felt it necessary to alert the Court to an issue that counsel believes goes to the Court's jurisdiction and that further may affect the ability of the Federal Public Defender to continue its representation under 18 U.S.C. § 3006A(a).

However, the Court has subject matter jurisdiction to consider this action through any dismissal or recharacterization and beyond. Moreover, the Federal Public Defender's ability to represent petitioner in this habeas action continues unless and until the Court were to recharacterize the habeas action as a civil rights action, which has not occurred to date.

If petitioner includes claims and/or seeks relief in an amended petition that can be pursued only under § 1983, then respondents may litigate that issue in their response notwithstanding any arguments on the current motion for reconsideration made while discussing issues only in the abstract against the backdrop of the original *pro se* pleadings. The first step in joining such issue is the filing of a counseled amended pleading or subsequent submission.

While petitioner perhaps may present an amended pleading that in whole or in part presents claims for relief arising instead under § 1983, the Court will not make a pre-filing commitment now – in an advisory opinion – as to whether it will recharacterize the action as a § 1983 action. The two types of actions are subject to markedly different procedures, including, *inter alia*, different filing fee requirements and different exhaustion requirements. *See generally Nettles v. Grounds*, 830 F.3d 922, 931-34 & nn. 8 & 11 (9th Cir. 2016)(*en banc*)("independent and mutually exclusive" procedural channels). Any such recharacterization, if otherwise available on the pleadings presented and if sought by petitioner after assessing the relative pros and cons of such relief, would be subject to all requirements and potential defenses applicable to a newly-commenced § 1983 action following upon the recharacterization, subject perhaps only to possible relation back to the prior habeas pleadings for limitations purposes.

In this regard, the Court will follow a procedural track analogous to that often followed with a motion to dismiss a petition for lack of complete exhaustion and a subsequent motion for a stay. That is, if a motion to dismiss is granted on the basis that claims asserted in the counseled amended petition arise instead under § 1983, the Court will withhold entry of judgment and allow petitioner an opportunity to file a motion to recharacterize and/or for other appropriate relief in what then still

would remain a proceeding under § 2254. The Federal Public Defender's ability to litigate such issues should continue for so long as an action under § 2254 remains pending that has not been fully converted into a § 1983 action. Up to that point, the Federal Public Defender is protecting petitioner's interests in seeking appropriate relief on the record presented on his petition "seeking relief under section . . . 2254" under § 3006A(a)(2)(B) in lieu of an outright dismissal of the petition *qua* habeas petition.

The Court is cognizant of petitioner's position that multiple medical issues constrain his ability to prepare pleadings in proper person, such as in a possible separate § 1983 action now and/or following any conversion order. The Court would strongly consider making a referral to the Pro Bono Program to determine whether an attorney will accept an appointment if the subsequent filing presents cognizable claims under Section 1983 that may not proceed under Section 2254. Such an acceptance of representation, however, is purely voluntary on the part of attorneys. *See, e.g., Mallard v. United States District Court*, 490 U.S. 296 (1989)(district courts can only request that attorneys accept representation of indigent litigants in civil cases). Petitioner thus, as a practical matter, should proceed on an assumption that an attorney acceptance of a future referral may not be forthcoming, or forthcoming timely in relation to the progress of the current habeas litigation.

In all events, the Court's preference is to decide the issue of whether the action arises in habeas or instead under § 1983 based upon actual specific pleadings and motions filed by counsel rather than anticipatorily in the abstract.

IT THEREFORE IS ORDERED that the motion (ECF No. 14) for reconsideration is DENIED.

IT FURTHER IS ORDERED that, within **ninety (90) days** of entry of this order, petitioner shall file a counseled amended petition; that respondents shall file a response thereto, including possibly by motion to dismiss, within **forty-five (45) days** of service; and that petitioner shall have **forty-five (45) days** of service within which to file a reply to any answer filed. The deadlines to file

a response or reply as to any motions filed, including a motion to dismiss, instead shall be governed by Local Rule LR 7-2(b).

DATED: March 13, 2018.

_____
RICHARD F. BOULWARE, II
United States District Judge