UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

RICHARD LEE CARMICHAEL,

Petitioner,

v.

JO GENTRY, et al.,

Respondents.

Case No. 2:16-cv-01142-RFB-EJY

**ORDER**

This is a habeas corpus proceeding under 28 U.S.C. § 2254 brought by Petitioner Richard Lee Carmichael, a Nevada prisoner who is represented by counsel. Currently before the Court is Respondents' Motion to Dismiss (ECF No. 28). Carmichael has opposed (ECF No. 37), and Respondents have replied (ECF No. 46). Also before the Court is Carmichael's Motion for Leave to File Supplemental Exhibit (ECF No. 44). No response was filed and the deadline for doing so has expired. For the reasons discussed below, both motions are granted.

## **BACKGROUND**

Carmichael is incarcerated by the Nevada Department of Corrections ("NDOC") pursuant to two murder convictions. First, in September 1983, he was convicted of second-degree murder in the Fifth Judicial District Court for Mineral County and sentenced to life in prison. ECF No. 30-4. Second, in April 1984, he was convicted of second-degree murder in the Seventh Judicial District Court for White Pine County and sentenced to life in prison. Id. Carmichael was not eligible for parole consideration until he served a minimum of five years. Id. Accordingly, he has been parole-eligible for many years.

The subject of this habeas proceeding is the disciplinary action NDOC imposed on Carmichael in 2013 for an alleged conspiracy to smuggle drugs into High Desert State Prison.

## I.     STATE ADMINISTRATIVE AND COURT PROCEEDINGS

On August 20, 2013, Carmichael received a notice of charges alleging two disciplinary violations: MJ31 – unauthorized use of equipment or mail, and MJ26 – possession of contraband. ECF Nos. 29-2 at 44. The second charge was later revised to MJ53 – possession, introduction or sales of any narcotics, drugs, alcohol, or other intoxicants. Id. at 48. Carmichael pleaded not guilty. Id. at 46. The prison held a hearing on the charges in September 2013. ECF No. 30-3 at 13–17. A hearing officer found Carmichael guilty on both charges and imposed multiple sanctions, including the loss of 180 days of statutory good time. Id. at 18, 20. Carmichael twice appealed the hearing officer's decision, but prison officials affirmed the decision and sanctions.[1] ECF Nos. 29-2 at 62–69, 84–86, 88–89, 91–106, 108.

On May 14, 2014, Carmichael filed a *pro se* petition for writ of habeas corpus ("state petition") in the Seventh Judicial District Court ("state court") seeking post-conviction relief. ECF No. 29-2. Carmichael alleged eleven due process violations in relation to the disciplinary hearing. Id. Respondents moved to dismiss the state petition, and Carmichael opposed. ECF Nos. 30-2, 30-5. The state court granted Respondents' motion and denied the state petition in December 2014. ECF No. 30-13. Carmichael filed a state habeas appeal. ECF No. 30-15. The Nevada Court of Appeals affirmed the state court's denial of relief. ECF No. 30-16. Remittitur issued on June 16, 2015. ECF No. 30-17.

## II.     FEDERAL HABEAS PROCEEDINGS

On May 20, 2016, Carmichael initiated this federal habeas proceeding *pro se*. ECF No. 1. His memorandum of points and authorities in support of the petition requested (1) a declaratory order finding due process violations, (2) restoration of the statutory good time credits, and (3) expungement of the disciplinary charges from his record. ECF No. 4-1 at 50. The Court appointed the Federal Public Defender ("FPD") to represent Carmichael and entered its standard

---

[1] The parties dispute the date upon which Carmichael received notice that his second level grievance was denied. See ECF Nos. 28 at 6; 37 at 2–10; 46 at 4–6.

1 scheduling order, giving counsel 90 days to file an amended petition. ECF Nos. 8, 13.

2 The FPD filed a Motion to Reconsider Scheduling Order (ECF No. 14), asserting that the filing of an amended petition would be premature, in light of the Ninth Circuit's decision in Nettles v. Grounds, 830 F.3d 922 (9th Cir. 2016) (en banc):

> Based on *Nettles*—which the Ninth Circuit issued after Mr. Carmichael submitted his pro se petition in this matter—the respondents may argue that Mr. Carmichael's claims are unsuitable for a federal habeas proceeding. Instead, the respondents may take the position that *Nettles* requires Mr. Carmichael to litigate these claims through a 42 U.S.C. § 1983 action.

ECF No. 14 at 2. Carmichael acknowledged that his situation was analogous to the petitioner in Nettles: both were prisoners serving indeterminate life sentences who filed petitions raising various due process challenges to prison disciplinary convictions and their effect on parole eligibility and the loss of good time credits. Id. at 4. Carmichael noted, "it is unclear whether a favorable ruling on the merits of Mr. Carmichael's claims would 'necessarily affect the length of time to be served.'" Id. (quoting Nettles, 830 F.3d at 929). Carmichael further acknowledged, "*Nettles* might suggest that Mr. Carmichael should litigate his claims through a Section 1983 proceeding, as opposed to a federal habeas proceeding," but maintained that the outcome was not entirely clear. Id. at 5. Rather than ordering him to file an amended petition at that time, Carmichael asked the Court to order Respondents to state their position regarding whether this action may proceed as a federal habeas action in light of Nettles. Id.

In response, Respondents stated they did "not intend to argue that Carmichael's case may not proceed as a federal habeas corpus action," but would move to dismiss the petition as untimely and certain claims as non-cognizable. ECF No. 16 at 1. Respondents stated they "may make other arguments after seeing the amended petition." Id. at 2.

The Court denied Carmichael's motion on March 13, 2018, finding it "more appropriate to litigate such issues within the framework of the existing scheduling order." ECF No. 19 at 1. The Court indicated it would "decide the issue of whether the action arises in habeas or instead under

///

3

§ 1983 based upon actual specific pleadings and motions filed by counsel rather than anticipatorily in the abstract." Id. at 3.

Carmichael filed his Amended Petition (ECF No. 24) in October 2018. He alleges one ground for relief: "The prison did not provide Mr. Carmichael due process during the disciplinary hearing and appeal process, in violation of his rights under the Fifth and Fourteenth Amendments to the United States Constitution." ECF No. 24 at 9. Ground one further alleges four subclaims: (A) "There was no evidence to support the finding of a violation;" (B) "The hearing officer refused to let Mr. Carmichael call witnesses, 'stipulated' to their testimony, and disbelieved it;" (C) "The hearing officer didn't turn over the key recording (or other information about the recording, or the lack thereof); and (D) "The administrative appeals process upheld the violation based on new evidence the hearing officer didn't consider." Id. at 9-14. Carmichael asserts that "the Court should issue him a writ of habeas corpus to expunge the violation and restore his good time credits." Id. at 2.

### III. CARMICHAEL'S § 1983 ACTIONS

During the pendency of this habeas action, Carmichael has pursued two § 1983 civil rights actions in this district. In January 2017, Carmichael filed a complaint against multiple NDOC defendants, alleging deliberate indifference to serious medical needs, along with a motion for temporary restraining order/preliminary injunction. Carmichael v. Aranas, 3:17-cv-0025-MMD-WGC, 2017 WL 8944097, at *2 (D. Nev. Apr. 7, 2017). After full briefing and a hearing, Magistrate Judge William G. Cobb determined that Carmichael had demonstrated a likelihood of success on the merits and recommended that injunctive relief be granted in part. Id. at *11-12. District Judge Miranda M. Du accepted and adopted in full Judge Cobb's report and recommendation. Carmichael v. Aranas, 3:17-cv-00025-MMD-WGC, 2017 WL 1712518, (D. Nev. May 2, 2017) ("2017 Case").

In November 2017, the NDOC defendants informed Judge Du that the parties had reached a settlement. 2017 Case, ECF No. 97. Section III. B of the settlement terms stated the following:

**Removal of Charges:** The NDOC agrees to remove and expunge the MJ31 and

> MJ-53 for unauthorized use of equipment or mail from OIC date 8/20/2013 and/or 9/20/2013 with the effect date of 9/22/2013 (phone usage violation) that CARMICHAEL was found guilty of from all electronic and hard copy files. (IR-2013-ADMIN-000856 OIC #363699)

ECF No. 46-1 at 3.[2] Judge Du granted the parties' stipulation of dismissal with prejudice and closed the 2017 Case on December 15, 2017. 2017 Case, ECF No. 100.

While Carmichael's motion addressing the applicability of Nettles was still pending in this habeas action, Carmichael commenced a new § 1983 action on March 7, 2018, challenging the disciplinary violation at issue in the amended petition. Carmichael v. Gittere, 3:18-cv-0106-RCJ-WGC, 2019 WL 3824241, at *1 (D. Nev. August 13, 2019) ("2018 Case").[3] Carmichael's habeas counsel submitted a declaration, attached to the *pro se* complaint, confirming that the 2018 Case and this habeas action involve the "same factual allegations" and there may be some overlap between the issues litigated. 2018 Case, ECF No. 1-1 at 74–75.[4] Counsel indicated that Carmichael filed the 2018 case:

> in part to minimize the potential complications that might arise under the statute of limitations or otherwise in the event that the respondents change their position regarding *Nettles*, or in the event that the Court in [the habeas action] disagrees with the respondents about the impact of *Nettles* on Mr. Carmichael's federal habeas proceeding.

Id. at 75. Additionally, counsel noted that Carmichael filed the 2018 case without prejudice to his ability to continue litigating the habeas action. Id.

---

[2] Carmichael's amended petition alleges as follows:

> On information and belief, as part of the settlement, the Nevada Attorney General's Office agreed to expunge the disciplinary violation at issue in the instant petition. It is not clear whether the prison has followed through yet and actually expunged the violation from Mr. Carmichael's inmate file. On information and belief, the expungement of the violation will not automatically lead to the restoration of the good time credits the prison stripped from Mr. Carmichael.

ECF No. 24 at 7–8.

[3] The amended petition indicates that Carmichael intends to litigate the relevant issues in this habeas action, but he filed the 2018 case as a protective complaint, in an abundance of caution, in the event he is unable to litigate such issues in this habeas action. ECF No. 24 at 8.

[4] Counsel states that he assisted Carmichael in drafting the § 1983 complaint because of Carmichael's health issues and the closely related facts alleged in both the 2018 case and habeas action. 2018 Case, ECF No. 1-1 at 75–76. However, counsel maintains that he did not offer legal advice to Carmichael in reference to the complaint and Carmichael is proceeding *pro se* in the 2018 case. Id. at 76.

District Judge Robert C. Jones screened the complaint in May 2019 and determined that it failed to state colorable due process or conditions of confinement claims. Id., ECF No. 3. Judge Jones gave Carmichael thirty days to amend the pleading and warned him that the 2018 Case would be dismissed if he failed to file an amended complaint curing the deficiencies. Id. He did not comply with the order; thus, Judge Jones dismissed the 2018 Case for failure to state a claim or comply with the order to amend the complaint. Id., ECF No. 4. The Clerk of Court entered judgment on August 14, 2019. Id., ECF No. 5.

Carmichael subsequently filed a motion to reconsider the dismissal. Id., ECF No. 6. He claimed the 2018 Case was filed for the purpose of avoiding the statute of limitations but would not proceed until after the resolution of the habeas action. Id. at 2. He further noted that he was granted parole on August 6, 2019 and expected to be released on September 11, 2019.[5] Id. at 3. Judge Jones denied the motion, finding that the dismissal order did not commit clear error and was not manifestly unjust. Id., ECF No. 10. Carmichael has filed a notice of appeal. Id., ECF No. 7.

## DISCUSSION

### I. THE PARTIES' RELEVANT POSITIONS

Respondents argue that Carmichael's claims are unripe, moot, or not cognizable in federal habeas. Carmichael was given two life sentences with the possibility of parole after five years; thus, he is no longer serving the minimum term of imprisonment. Respondents contend that good time credits do not apply to an indefinite maximum term such as a life sentence. Pointing to Witherow v. Farwell, 383 Fed. App'x 688 (9th Cir. 2010) (citing Hunt v. Warden, 903 P.2d 826, 827 (Nev. 1995)) (unpublished), Respondents argue that Nevada inmates possess no liberty interest in the application of good time credits to a life sentence. Thus, even if the Court were to grant Carmichael's amended petition, Respondents claim the relief he seeks (restoration of

///

---

[5] The Court takes judicial notice of Carmichael's current status as reported by NDOC's online records, which confirms that he is now paroled. The inmate search tool may be accessed by the public online at: https://ofdsearch.doc.nv.gov/.

forfeited sentence credits) would not alter or shorten his sentence. Respondents therefore assert that dismissal is appropriate.

Carmichael counters that his claims are ripe and he has a cognizable liberty interest in his forfeited credits, despite his life sentence. Although *Hunt* concluded that the state legislature did not intend good time credit to apply to life sentences, the Nevada Supreme Court noted that the warden should continue to record good time credit for inmates with life sentences. Carmichael contends that prisoners with life sentences must retain a cognizable liberty interest in their good time credits based on NDOC's obligation to continue recording such credits, even if Nevada law does not allow the credits to be applied to life sentences. Additionally, Carmichael asserts that this issue is intertwined with the merits of the claims and, if any doubts exist as to whether he alleges a colorable due process violation involving a cognizable liberty interest, the Court should wait to resolve the issue until the merits briefing is complete.

In their reply, Respondents reiterate that the relief Carmichael seeks in this action—restoration of forfeited good time credits—will not shorten his life sentence. They further note that Carmichael asked for, and received, expungement of the disciplinary charges as a part of the settlement in the 2017 Case.[6] Carmichael's NDOC records now reflect "no disciplinary record" since the expungement has already occurred. ECF No. 46 at 4 n.2 (citing 2017 Case, ECF No. 46-1). Thus, Respondents maintain that the claims in the amended petition "truly are moot." Id. at 4.

## II. LEGAL STANDARDS

Federal courts are courts of limited jurisdiction. Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 552 (2005). "A federal district court is obligated to ensure it has jurisdiction over an action, and once it determines it lacks jurisdiction, it has no further power to act." Guerra v. Hertz Corp., 504 F. Supp. 2d 1014, 1017–18 (D. Nev. 2007) (citing Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94 (1998) ("Without jurisdiction the court cannot proceed at all in any

---

[6] Respondents offer to provide a declaration regarding the expungement upon the Court's request.

cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause."). Federal habeas jurisdiction does not exist if a petitioner's claims fall outside "the core of habeas corpus." Nettles v. Grounds, 830 F.3d. 922, 935 (9th Cir. 2016) (en banc); Woods v. Valenzuela, 734 F. App'x 394, 395–96 (9th Cir. 2017) (vacating district court's denial of petitioner's claim for lack of habeas jurisdiction where the claim was not cognizable in habeas).

Federal law provides two main avenues to relief on complaints related to incarceration: (1) a petition for habeas corpus pursuant to 28 U.S.C. §§ 2241, 2254, and 2255; and (2) a complaint under 42 U.S.C. § 1983. See Muhammad v. Close, 540 U.S. 749, 750 (2004); Nettles, 830 F.3d. at 927. Federal habeas laws allow a state prisoner or pretrial detainee to challenge "the validity of any confinement or to particulars affecting its duration." Muhammad, 540 U.S. at 750. Where the claims at issue would result in "immediate release if successful," such claims fall "within the core of habeas corpus" and therefore must "be brought, if at all, in habeas." Nettles, 830 F.3d. at 927–28 (citing Preiser v. Rodriguez, 411 U.S. 475, 487 (1973)). If a claim "challenges any other aspect of prison life," the prisoner must seek relief under § 1983. Id. at 934. Thus, an en banc panel of the Ninth Circuit has recognized § 1983 and habeas as "mutually exclusive vehicles for prisoner claims." Id. at 929.

In Nettles, a prisoner serving an indeterminate life sentence with the possibility of parole was found guilty of a disciplinary infraction, which caused 30 days of good time credits to be revoked. 830 F.3d at 925–26. Nettles filed a federal habeas petition seeking expungement of the rule violation report that led to the loss of good time credits and restoration of such credits. Id. at 927. The Ninth Circuit held that Nettles' claim was not cognizable in habeas. Id. at 934–35. The court reasoned that habeas relief is not available for "probabilistic claims," i.e., where success on the claims "*could potentially* affect the duration of confinement" or is "*likely* to accelerate the prisoner's eligibility for parole." Id. at 933–34 (quotation omitted) (emphasis in original). Thus, a prisoner cannot file a federal habeas petition to expunge a disciplinary charge "where 'a successful challenge to a prison condition will not *necessarily* shorten the prisoner's sentence.'"

1 | Id. at 933 (quoting Ramirez v. Galaza, 334 F.3d 850, 859 (9th Cir. 2003) (emphasis in the original). Because the parole board could have denied parole even if Nettles succeeded in expunging the rules violation report, a meritorious habeas claim would not necessarily lead to his immediate or earlier release. Id. at 935. Thus, his claim was not within "the core of habeas corpus" and could not be brought under § 2254 but must be pursued under § 1983, if at all. Id. (quoting Skinner v. Switzer, 562 U.S. 521, 535 n.13 (2011)); see also Sandin v. Conner, 515 U.S. 472, 487 (1995) (holding that the "decision to release a prisoner rests on a myriad of considerations.").

### III. ANALYSIS

Respondents' motion challenges the Court's habeas jurisdiction. This is a threshold issue. Although Respondents do not rely on Nettles in their motion, the recent en banc decision clearly controls whether the amended petition here invokes federal habeas jurisdiction. If Carmichael's claims do not fall within the core of habeas, federal habeas jurisdiction does not exist. See Nettles, 830 F.3d. at 935; Woods, 734 F. App'x at 395–96. Because the ultimate relief Carmichael seeks in his amended petition would not necessarily result in earlier release, the Court finds that his claims are not cognizable in habeas and habeas jurisdiction is therefore lacking.

Nevada law is clear: when the state court sentences a prisoner "to a term of life in prison, there is no date from which the credit can be deducted." Hunt v. Warden, Nevada State Prison, 903 P.2d 826, 827 (1995). Construing the legislative intent of NRS 209.446, the Nevada Supreme Court expressly held that "the legislature did not intend good time credit to be applied to a sentence of life in prison." Hunt, 903 P.2d at 827. Since Hunt was decided, Nevada courts have repeatedly upheld this conclusion.[7] In addition, Nevada law provides that the parole board has the authority

---

[7] See Scott v. State, 281 P.3d 1217 (2009) ("This court has previously determined that while statutory good time credits should be recorded for life terms, those credits are not applied to life terms.") (unpublished); Tellis v. Warden, Nevada State Prison, 238 P.3d 860 (2008) (noting "that while statutory good time credits should be recorded for life terms, those credits are not applied to life terms") (unpublished); Medina v. Palmer, 238 P.3d 837 (2008) (finding claim that prison officials improperly calculated good time credits was moot because prisoner "was sentenced to terms of life in prison there is no maximum sentence to which good time credits could be applied" and "the application of good time credit will not affect his sentence") (unpublished); Scott v. Gentry, No. 76496-COA, 2019 WL 3230866, at *1 (Nev. Ct. App. July 17, 2019) (affirming state court's denial of post-conviction relief because habeas petitioner, sentenced to two consecutive life terms, was "not entitled to the application of statutory credits to his maximum sentences")

and discretion to grant or deny parole. Wydeven v. Warden, Lovelock Corr. Ctr., 238 P.3d 867 (2008) (citing Nev. Rev. Stat. § 213.1099(2)) ("The decision of whether or not to grant parole lies within the discretion of the parole board and the creation of standards does not restrict the Parole Board's discretion to grant or deny parole."). Thus, success on the merits of the amended petition—expungement of the disciplinary action and restoration of good time credits—would not necessarily result in earlier release. Indeed, as of today, NDOC has already expunged the disciplinary action, pursuant to the parties' settlement in the 2017 Case, and granted Carmichael parole. As success on Carmichael's claims would not lead to his immediate or speedier release, they do not fall in the "core" of habeas.

In addition, the Court declines to recharacterize Carmichael's amended petition as a § 1983 complaint. When a habeas petition is amenable to conversion on its face, federal courts may construe the petition to plead causes of action under § 1983. Wilwording v. Swenson, 404 U.S. 249, 251 (1971). However, habeas actions and § 1983 prisoner civil rights cases "differ in a variety of respects—such as the proper defendant, filing fees, the means of collecting them, and restrictions on future filings—that may make recharacterization impossible or, if possible, disadvantageous to the prisoner compared to a dismissal without prejudice of his petition for habeas corpus." Nettles, 830 F.3d at 935–36 (quotation omitted). In this case, the Court need not convert the amended petition because Carmichael has already filed a parallel § 1983 action to vindicate his rights: the 2018 Case. As Carmichael acknowledged, the § 1983 complaint in the 2018 Case presented substantially similar facts and claims to the amended petition in this habeas action. Conversion is therefore unnecessary and would simply create a duplicative case. *Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (a complaint may be dismissed as frivolous if it "merely repeats pending or previously litigated claims").

---

(unpublished); Rowe v. State, No. 77430-COA, 2019 WL 2714763, at *1 (Nev. Ct. App. June 19, 2019) (flatly rejecting prisoner's contention that it was "improper that his statutory credits do not actually reduce [his life] sentence") (unpublished). Courts in this district have also recognized that "[s]tatutory credits do not apply to a life sentence." See e.g., Collins v. Neven, 2:13-cv-00011-JAD-NJK, 2016 WL 81248, at *4 (D. Nev. Jan. 7, 2016).

Because the amended petition fails to invoke habeas jurisdiction, and recharacterization is not appropriate, the Court does not reach the parties' remaining arguments and dismisses the amended petition without prejudice.

## IV. CERTIFICATE OF APPEALABILITY

"State prisoners 'seeking post-conviction relief under 28 U.S.C. § 2254 ha[ve] no automatic right to appeal a district court's denial or dismissal of the petition.'" Payton v. Davis, 906 F.3d 812, 817 (9th Cir. 2018) (quoting Miller-El v. Cockrell, 537 U.S. 322, 327 (2003)). "Rather, habeas petitioners 'must first seek and obtain a COA,'" i.e., certificate of appealability. Id.; see also 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1); 9th Cir. R. 22-1(a). District courts are required to issue or deny a certificate of appealability when it enters a final order adverse to a habeas petitioner, rather than waiting for a notice of appeal and request for certificate of appealability to be filed. Fed. § 2254 R. 11(a); 9th Cir. R. 22-1(a).

Generally, a petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a certificate of appealability. 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483–84 (2000). Where a district court denies relief on procedural grounds without reaching the underlying constitutional claim, courts apply a two-step inquiry to decide whether a certificate of appealability is appropriate. Payton, 906 F.3d at 820. A petitioner must show both that jurists of reason would find it debatable (1) "whether the petition states a valid claim of the denial of a constitutional right," and (2) "whether the district court was correct in its procedural ruling." Gonzalez, 565 U.S. at 140–41 (quoting Slack, 529 U.S. at 484); see also Payton, 906 F.3d at 820 ("Both components must be met before [the Ninth Circuit] may entertain the appeal.") (citing Slack, 529 U.S. at 484–85). To meet this threshold inquiry, a petitioner has the burden of demonstrating that the issues are debatable among jurists of reason; that a court could resolve the issues differently; or that the questions are adequate to deserve encouragement to proceed further. See Allen v. Ornoski, 435 F.3d 946, 950–51 (9th Cir. 2006).

The Court has considered whether the issues Carmichael raised satisfy the standard for issuance of a certificate of appealability, and determines that none meet that standard. No

11

reasonable jurist would find this Court's dismissal of the petition debatable or wrong. The Court therefore denies Carmichael a certificate of appealability.

For all the above reasons,

**IT IS THEREFORE ORDERED:**

1. Respondents' Motion to Dismiss (ECF No. 28) is GRANTED. The Amended Petition for Writ of Habeas Corpus (ECF No. 24) is DISMISSED WITHOUT PREJUDICE in its entirety for lack of habeas jurisdiction.

2. Carmichael is DENIED a certificate of appealability, as jurists of reason would not find the dismissal of this action on the grounds set forth above to be debatable or wrong.

3. Carmichael's Motion for Leave to File Supplemental Exhibit (ECF No. 44) is GRANTED.

4. The Clerk of Court is instructed to enter final judgment and close this case.

DATED this 25th day of September, 2019.

_____
RICHARD F. BOULWARE, II
UNITED STATES DISTRICT JUDGE